McClendon, j.
 

 | ¡¡Plaintiff appeals a judgment that granted defendants’ motion for summary judgment and dismissed plaintiffs claims against the defendants with prejudice. For the reasons that follow, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 On August 22, 2005, Ruby Coleman, following a total knee replacement, attended physical therapy at Terrebonne Physical Therapy Clinic under the instruction of physical therapist Donald P. Kinnard. Ms. Coleman, who suffered from severe osteoporosis, was participating in physical therapy exercises on a Continuous Passive Range of Motion (CPM) machine when she heard a “pop” in her left knee and felt excruciating pain. On August 23, 2005, Ms. Coleman learned that she suffered a left distal femoral fracture that required surgery to repair.
 

 On August 4, 2006, Ms. Coleman filed suit against Mr. Kinnard and La Terre Physical Therapy, Inc. d/b/a Terrebonne Physical Therapy Clinic, alleging that she sustained the femoral fracture during her course of physical therapy on the CPM
 
 *327
 
 machine.
 
 [1]
 
 Ms. Coleman alleged that Mr. Kinnard was negligent and that he breached the standard of care by failing to obtain a complete medical history that would have revealed that she suffered from osteoporosis, thereby allowing him to determine the safest method of physical therapy to administer.
 
 [2]
 
 On September 22, 2008, defendants filed a motion for summary judgment, contending that Ms. Coleman was unable to show that Mr. Kinnard’s treatment fell below the applicable standard of care.
 

 Following a hearing, the trial court granted the motion, finding that the expert testimony on both sides of the case indicated that Mr. Kinnard’s use of the |SCPM machine was not a breach of the applicable standard of care. Ms. Coleman has appealed asserting that the trial court erred in granting defendants’ motion for summary judgment.
 

 DISCUSSION
 

 Because this matter is before us on a motion for summary judgment, it is subject to
 
 de novo
 
 review as to the whether the grant of summary judgment was appropriate.
 
 Motorola, Inc. v. Associated Indem. Corp.,
 
 02-0716, p. 5 (La.App. 1 Cir. 6/25/04), 878 So.2d 824, 828,
 
 writs denied,
 
 04-2314, 04-2323, 04-2326, 04-2327 (La.11/19/04), 888 So.2d 207, 211, 212. The summary judgment procedure is expressly favored in the law, and is designed to secure the just, speedy, and inexpensive determination of nondomestic civil actions. LSA-C.C.P. art. 966(A)(2). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions, and affidavits in the record show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
 

 The mover has the initial burden of proof that he is entitled to summary judgment.
 
 See
 
 LSA-C.C.P. art. 966(C)(2). If the mover will not bear the burden of proof at trial on the subject matter of the motion, he need only demonstrate the absence of factual support for one or more essential elements of his opponent’s claim, action, or defense.
 
 See
 
 LSA-C.C.P. art. 966(C)(2). If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense, then the nonmoving party must produce factual support sufficient to satisfy his evi-dentiary burden at trial.
 
 See
 
 LSA-C.C.P. art. 966(C)(2). If the mover has put forth supporting proof through affidavits or otherwise, the adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. LSA-C.C.P. art. 967(B).
 

 In
 
 Boudreaux v. Panger, D.C.,
 
 490 So.2d 1083 (La.1986), the Louisiana Supreme Court affirmed an appellate court decision, which held that a |4chiropractor, although not subject to the Medical Malpractice Act, should only be judged by the standard of her profession, and as a matter of law, “general negligence” of the
 
 *328
 
 chiropractor is not available as a basis of recovery.
 
 See Boudreaux v. Panger, D.C.,
 
 481 So.2d 1382 (La.App. 5 Cir.1986). The Louisiana Supreme Court noted that under LSA-C.C. arts. 2315 and 2316 — the general negligence articles — the elements of a cause of action are fault, causation, and damage.
 
 Boudreaux,
 
 490 So.2d at 1084. Causation requires a determination that the conduct complained of is actually a cause of the harm. Fault is determined by a legal duty to guard against a certain risk and breach of that duty, which is generally the obligation' to conform to the standard of conduct of a reasonable man under like circumstances.
 
 Id.
 
 However, “[w]hen considering the liability of someone who holds himself out as a professional, it is accepted that the ‘standard of conduct of a reasonable man under like circumstances’ requires that the professional exercise the care and skill of like professionals practicing in the same general locality.”
 
 Id.
 

 Thus, Ms. Coleman has the burden of proving that Mr. Kinnard violated the applicable standard of care and that violation caused her harm or injury. Ms. Coleman submits that Mr. Kinnard’s failure to obtain an adequate and complete medical history is a breach in the standard of care. Ms. Coleman further contends that had Mr. Kinnard obtained an adequate history, he would have discovered that she suffered from severe osteoporosis and could have provided her a safer method of treatment — i.e., manual therapy as opposed to therapy using a CPM machine. Albert J. Pickett, plaintiffs physical therapy expert, indicated that had Mr. Kinnard utilized the passive manual stretch, he would have had a better chance of preventing any problems associated with osteoporosis.
 

 Although Ms. Coleman asserts that Mr. Kinnard’s failure to obtain an adequate history was a breach of the standard of care, Ms. Coleman is unable to show that the alleged breach of this standard of care caused her harm insofar as both Dr. William Hageman, the orthopedic surgeon who treated Ms. Coleman | ¿following her fracture, and Mr. Pickett testified that it did not fall below the applicable standard of care to use the CPM machine on a patient with osteoporosis.
 
 [3]
 
 Moreover, Mr. Pickett acknowledged that Ms. Coleman’s femur may have fractured even if manual passive stretching had been utilized. Accordingly, Ms. Coleman will be unable to meet her evidentiary burden of proof at trial to show that the failure to obtain an adequate medical history caused her harm. Therefore, the defendants are entitled to judgment as a matter of law.
 

 For the foregoing reasons, we affirm the district court’s judgment and assess costs of this appeal against plaintiff, Ruby Coleman.
 

 AFFIRMED.
 

 DOWNING, J., dissents.
 

 [1]
 

 . The Medical Malpractice Act does not apply because the defendants were not qualified as health care providers under the Act.
 

 [2]
 

 . Specifically, Ms. Coleman alleged the following non-exclusive acts of negligence in her petition:
 

 A. Negligence in causing a distal femoral fracture while performing physical therapy exercises on a patient.
 

 B. Other acts of negligence which may be shown through discovery or at trialLJ
 

 C. Generally, the failure of these defendants to act with the required degree of care commensurate with the existing situation.
 

 [3]
 

 . Mr. Kinnard testified that even if he had known that Ms. Coleman had osteoporosis, he would have nevertheless utilized the CPM machine for therapy.